**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

MATTHEW AARON LESTER
dba FIRST CHOICE CHIROPRACTIC
dba NORWOOD CHIROPRACTIC
LESLIE DIANNE LESTER
dba A TOUCH OF WHIMSY

        Debtors

Case No. 09-34273

MAURICE K. GUINN, TRUSTEE

        Plaintiff

v.

PARIS LESTER

        Defendant

Adv. Proc. No. 11-3196

**MEMORANDUM ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

**APPEARANCES:**    GENTRY, TIPTON & MCLEMORE, P.C.
        Maurice K. Guinn, Esq.
        M. Aaron Spencer, Esq.
        Post Office Box 1990
        Knoxville, Tennessee  37901
        Attorneys for the Plaintiff

                Paris Lester
        Post Office Box 3
        Pounding Mill, Virginia  24637
        Defendant, *Pro Se*

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed by the Plaintiff on July 22, 2011, seeking to avoid and recover prepetition transfers from the Debtor Matthew Lester to the Defendant totaling $8,900.00 pursuant to 11 U.S.C. §§ 547(b) and 550(a) (2006), respectively. The Plaintiff seeks a judgment against the Defendant for the amount of the avoided transfers plus pre-judgment interest from December 7, 2010, the date he made demand on the Defendant. The Defendant filed his response to the Complaint on August 8, 2011, denying the allegations therein.

On December 16, 2011, the Plaintiff filed the Motion of Maurice K. Guinn, Trustee, for Summary Judgment (Motion for Summary Judgment) along with a brief, supplemented on December 22, 2011, by the Statement by Maurice K. Guinn, Trustee, of Undisputed Material Facts (Statement of Undisputed Facts) as required by E.D. Tenn. LBR 7056-1.[1] In support of the Motion for Summary Judgment, the Plaintiff filed the Affidavit of Maurice K. Guinn, attaching the Defendant's responses to Requests for Admission.

The Defendant, acting *pro se*, filed his response to the Motion for Summary Judgment on January 3, 2012, attaching in support the following exhibits: (1) a December 9, 2010 letter to the Plaintiff; (2) a wire transfer from the Defendant to Norwood Chiropractic in the amount of $9,000.00 dated November 3, 2009; (3) page three of the Plaintiff's Memorandum Brief in Support of the

---

[1] Because the Motion for Summary Judgment was not accompanied by a required statement of undisputed material facts, the court, in an Order entered on December 19, 2011, directed the Plaintiff to file the statement within seven days.

Motion for Summary Judgment; and (4) a wire transfer from the Defendant to Norwood Chiropractic in the amount of $5,000.00 dated February 9, 2009.[2]

This is a core proceeding. 28 U.S.C. § 157(b)(2)(F) (2006).

# I

The Debtors filed the Voluntary Petition commencing their case under Chapter 7 of the Bankruptcy Code on August 7, 2009, and the Plaintiff was appointed Chapter 7 Trustee. STMT. OF UNDISP. FACTS at ¶ 1; GUINN AFF. at ¶ 2. On December 7, 2010, the Plaintiff sent a letter to the Defendant, who is the father of the Debtor Matthew Lester, demanding $8,900.00 based upon information contained in the Debtors' Statement of Financial Affairs, to which the Defendant responded via letter dated December 9, 2010. STMT. OF UNDISP. FACTS at ¶¶ 2, 4-5; GUINN AFF. at ¶ 3. Upon review of bank statements received from the Debtors, the Plaintiff discovered the following transfers to the Defendant from the Debtor Matthew Lester within the year preceding the Debtors' bankruptcy filing: (1) $2,000.00, evidenced by check #5078 dated December 19, 2008; (2) $2,600.00, evidenced by check #4981 dated March 20, 2009; and (3) $1,250.00, evidenced by check #5187 dated April 29, 2009. STMT. OF UNDISP. FACTS at ¶ 10; GUINN AFF. at ¶ 4. While these transfers total $5,850.00, the Plaintiff seeks to recover an additional $3,050.00[3] based upon a letter

---

[2] Although not in the proper format procedurally, because it also disputes a number of the Plaintiff's material facts, the court will consider the Defendant's response as to both the Motion for Summary Judgment and the Statement of Undisputed Facts.

[3] The Plaintiff's claim that he is entitled to avoid transfers totaling $8,900.00 limits the amount of the transfers above the three known transfers to $3,050.00 rather than $3,500.00 as averred in the Complaint.

3

from the Defendant dated December 9, 2010, stating, "Yes my son did send me checks amounting to about $8,900[.]"

On July 22, 2011, the Plaintiff filed the Complaint initiating this adversary proceeding, averring that the Defendant received transfers totaling $8,900.00 from the insolvent Debtor Matthew Lester on account of an antecedent debt within the year preceding the bankruptcy filing that allowed him to receive more than he would had he received payment on his claim through distribution of the Debtors' estate, which was answered by the Defendant on August 8, 2011. STMT. OF UNDISP. FACTS at ¶ 3; COMPL. at ¶¶ 4-5; ANSWER. Accordingly, the Plaintiff sought to avoid the transfers under 11 U.S.C. § 547(b), with the value to then be recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 through a judgment against the Defendant for $8,900.00 plus pre-judgment interest from December 7, 2010. COMPL. at ¶¶ 5-7. Nevertheless, based on information received from the Defendant after filing the Complaint, the Plaintiff agrees that the Defendant is entitled to a $2,000.00 reduction in the amount sought pursuant to the new value defense of 11 U.S.C. § 547(c)(4) (2006). GUINN AFF. at ¶ 7.

## II

The Plaintiff's cause of action arises under 11 U.S.C. § 547(b), which allows Chapter 7 trustees to avoid transfers made by debtors to creditors if the following requirements are satisfied:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property —
>
> (1) to or for the benefit of a creditor;

4

>  (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
>  (3) made while the debtor was insolvent;
>
>  (4) made —
>
>> (A) on or within 90 days before the date of the filing of the petition; or
>>
>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
>  (5) that enables such creditor to receive more than such creditor would receive if —
>
>> (A) the case were a case under chapter 7 of this title;
>>
>> (B) the transfer had not been made; and
>>
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). "For the purposes of this section, the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section[.]" 11 U.S.C. § 547(g) (2006). Additionally, as asserted by the Plaintiff, § 547 works in tandem with § 550, which provides that, to the extent the trustee avoids a preferential transfer, the property transferred or its value may be recovered by the trustee for the benefit of the estate. 11 U.S.C. § 550(a).

Here, the Plaintiff has sufficiently proved some, but not all, of the essential elements of a preferential transfer. The Bankruptcy Code defines a "transfer" as, *inter alia*, "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with – (i) property; or (ii) an interest in property." 11 U.S.C. § 101(54)(D) (2006). Unquestionably,

payments of money from the Debtor Matthew Lester to the Defendant constituted transfers of property or an interest in property for the Defendant's benefit. The Plaintiff has established the § 547(b)(1) element with respect to the $2,000.00 transfer evidenced by check #5078 dated December 19, 2008, the $2,600.00 transfer evidenced by check #4981 dated March 20, 2009, and the $1,250.00 transfer evidenced by check #5187 dated April 29, 2009. He has not established this element with respect to the alleged transfer or transfers totaling $3,050.00.[4]

There is no dispute that the Debtor Matthew Lester is the Defendant's son, thus bringing the Defendant within the Bankruptcy Code's definition of an "insider" which includes a "relative of the debtor[.]" 11 U.S.C. § 101(31)(A)(i) (2006). Likewise, the Defendant has acknowledged that he loaned money prepetition to the Debtor Matthew Lester and that the money he received from the Debtor Matthew Lester was in repayment of the money loaned, clearly falling within the definition of an antecedent debt – a debt "incurred before the allegedly preferential transfer." *Homann v. R.I.H. Acquisitions In, LLC (In re Lewinski)*, 410 B.R. 828, 836 (Bankr. N.D. Ind. 2008). The Plaintiff has established the § 547(b)(2) element with respect to the $2,000.00, $2,600.00, and $1,250.00 transfers.

Because the Defendant is an insider of the Debtors, the look-back period for preferential transfers extends to one year. As the disputed transfers occurred within one year preceding the filing of the Debtors' bankruptcy petition on August 7, 2009, the Plaintiff has met his burden of proof under § 547(b)(4) as to the $2,000.00, $2,600.00, and $1,250.00 transfers.

---

[4] *See supra* n.3.

The Trustee recites in his Statement of Undisputed Facts that "Debtors were insolvent at the time of the transfers to Paris Lester based on their total liabilities exceeding their total assets by $472,932.32. Summary of Schedules of Debtors' Voluntary Petition." STMT. OF UNDISP. FACTS at ¶ 8. The Plaintiff's insolvency analysis is clearly premised on the Summary of Schedules filed with the Debtors' Voluntary Petition on August 7, 2009. Because the Debtors' schedules speak to their assets and liabilities as of the date of filing, and § 547(b)(3) requires proof that all disputed transfers were "made while the Debtor was insolvent," the Plaintiff has offered no proof that the Debtor Matthew Lester was insolvent on December 19, 2008, March 20, 2009, and April 29, 2009, the dates the known transfers were made. Additionally, the statutory presumption of insolvency for the Debtors, that they were "presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition[,]" 11 U.S.C. § 547(f) (2006), does not extend to the remainder of the preceding year, which is the time period at issue. The Plaintiff has not met his burden of proof under § 547(b)(3) as to any of the disputed transfers.

Finally, the Plaintiff recites in his Affidavit that "[t]he payments to Paris Lester enabled him to receive more than he would have if the payments to him had not been made and he received payment on his claim to the extent provided by Title 11 of the United States Code." GUINN AFF. at ¶ 6. Essentially, the same statement appears at paragraph 9 of the Statement of Undisputed Facts. This statement is wholly conclusory and is unsupported by any credible proof. Accordingly, the Plaintiff has not met his burden of proof under § 547(b)(5).

Because the Plaintiff has not met his burden of proof on all elements essential to his avoidance action under § 547(b), he is entitled to summary judgment only on those elements which

have been established.  Having determined that the Plaintiff has met his burden of proof under § 547(b)(1), (2), and (4) regarding the $2,000.00, $2,600.00, and $1,250.00 transfers, the court will grant the Plaintiff summary judgment on these elements as to those transfers.  Additionally, because the Plaintiff acknowledges that the Defendant is entitled to a reduction of $2,000.00 under the new value defense, 11 U.S.C. § 547(c)(4), the Plaintiff's total claim represented by the $2,000.00, $2,600.00, and $1,250.00 transfers will be limited to $3,250.00.

Because the Defendant has appeared *pro se* and resides in the State of Virginia, the court will not follow its usual procedure of setting a scheduling conference.  Rather, the court will, by separate order, set a trial date which will give the parties ample time to conduct discovery and otherwise prepare for trial.

An order consistent with this Memorandum will be entered.

FILED:  January 10, 2012

                                              BY THE COURT

                                              */s/  RICHARD STAIR, JR.*

                                              RICHARD STAIR, JR.
                                              UNITED STATES BANKRUPTCY JUDGE